## UNIVERSAL UNDERWRITERS INSURANCE CO., Appellant,

### v.

### Rex S. LYON, Respondent.

### No. WD 49782.

Missouri Court of Appeals,
Western District.

May 2, 1995.

---

Gardiner B. Davis, Douglas M. Weems, Spencer, Fane, Britt & Browne, Kansas City, for appellant.

C. Brooks Wood, Hillix, Brewer, Hoffhaus, Whittaker & Wright, L.L.C., Kansas City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and HANNA, JJ.

LOWENSTEIN, Judge.

Universal Underwriters Insurance Company (Universal) prayed for a declaration of breach of contract, and for a permanent injunction against its former senior vice-president, Rex Lyon (Lyon), to enforce a provision of an employment agreement dealing with "Noninterference with Employment Agreements." The provision reads: "For a period of two years following his termination or retirement, Employee shall not, directly or indirectly, employ any other employee of Employer, or appoint any agent of, or insurance producer for Employer, as agent of, or producer for any other insurance company or insurance agency, or insurance brokerage firm." Effective April 1, 1994, Lyon resigned from Universal and went with John Deere Insurance Company (Deere) in an executive level position. Deere deals in the same type of insurance as does Universal. In May 1994, two high-ranking officials of Universal, who had formally reported to Lyon, submitted resignations to Universal and accepted employment with Deere, while a third, a regional sales manager, after indicating his departure to Deere, stayed with Universal after receiving a substantial salary increase. The employees who went to Deere were under the supervision of Lyon. Universal's lawsuit is described by it as not an attempt to enforce a covenant not to compete but, "to enforce defendant's agreement not to pirate," its employees. In fact, the petition alleged Lyon "directly or indirectly permitted [two employees] to be employed at John Deere ... in direct violation" of the agreement.

The trial court, after issuing a temporary restraining order, heard evidence on and denied the preliminary injunction. The court said: "The language in question does not prohibit the defendant from inducing his former co-workers from joining him at John Deere. No doubt, plaintiff could prevent such conduct, however, the present language does not. Assuming that the language did prohibit solicitation by the defendant the evidence does not support the assertion that he has solicited the employees who have transferred. They have left plaintiff for reasons of their own without prompting by defendant."

Evidence favorable to the court's conclusion that respondent Lyon had not solicited Universal employees, is now recounted. A senior vice president of Universal stated on cross-examination that several Universal employees, including the one who ultimately did

not resign but was paid more money, had expressed dissatisfaction with conditions at Universal, and had considered leaving. One of the persons who left for Deere said he was not satisfied with his career development and job responsibility while at Universal, and answered Deere's ad in a trade publication. The other employee testified he was not comfortable with the philosophy of Universal, and he too sent a resume to Deere in response to an ad. Both men denied being approached by, or induced to leave, Universal because of Lyon. Several other Universal employees had, again without contact or solicitation with Lyon, applied to Deere, but were not employed.

The scope of review in a court-tried case is under Rule 73.01(c), and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo banc 1976), giving due deference to the trial court's decision since it had the benefit of observing the witnesses. First examined is the legal conclusion that the employment contract language did not prohibit the act complained of—inducing Universal employees to join Lyon at Deere. This court, without deciding whether Universal has a legitimate interest in the subject protected, *Ranch Hand Foods v. Polar Pak Foods, Inc.*, 690 S.W.2d 437, 443 (Mo.App.1985), agrees with the trial judge's conclusion that the contract language does not prohibit the conduct alleged—the pirating of Universal employees by ex-employee Lyon to join him at Deere. Enforcement of contracts, such as the one in this case, which deal with restraints on commerce and limit an employee's freedom to pursue this trade, are carefully restricted. *Osage Glass, Inc., v. Donovan*, 693 S.W.2d 71, 75 (Mo. banc 1985). The contract language stating "indirectly employ," which was chosen by, and included in the contract prepared by Universal, does not prohibit the solicitation of employees to work for a competitor under Lyon's supervision. Deere, not Lyon is the employer of the employees who switched. Because Lyon happens to be their **supervisor** does not, either directly or indirectly, make him their **employer.** If Universal were allowed to prevail on these facts, any employee of Universal would be unable to accept an offer of any employment by an employer of Mr. Lyon for a period of two years. The disposition on this point makes unnecessary a detailed analysis of the alternative conclusion of there being insufficient evidence to support the allegation of Lyon's solicitation of employees.

The judgment is affirmed.

All concur.